FILED

SEP 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ROGER VANN SMITH
467 QUINCY STREET
BROOKLYN, NEW YORK
11221-1505
NO TELEPHONE
        Plaintiff,

VS.                          CIVIL ACTION:

CLIFFORD B. JANEY, SUPERINTENDENT
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 9TH FL.
WASHINGTON, DC 20002-4232
(202) 442-5885,

AND

KEVIN A. GREEN, CHIEF PROCUREMENT OFFICER
OFFICE OF CONTRACTS and ACQUISITIONS
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 7TH FL.
WASHINGTON, DC 20002-4232
(202) 442-5111,

AND

GLORIOUS BAZEMORE, DEPUTY
CHIEF PROCUREMENT OFFICER
OFFICE OF CONTRACTS and ACQUISITIONS
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 7TH FL.
WASHINGTON, DC 20002-4232
(202) 442-5111,

AND

JAMES ARMSTRONG, CONTRACT
CONTRACT SPECIALIST
OFFICE OF CONTRACTS and ACQUISITIONS
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 7TH FL.
WASHINGTON, DC 20002-4232
(202) 442-5111,

AND

CASE NUMBER 1:06CV01671

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 09/29/2006

JURY ACTION

RECEIVED

SEP 22 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

TONY DEMASI, EXECUTIVE DIRECTOR
OFFICE OF HUMAN RESOURCES
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 6TH FL.
WASHINGTON, DC 20002-4232
(202) 442-4080,

AND

LORRETTA BLACKWELL, DIRECTOR
LABOR MANAGEMENT and EMPLOYEE RELATIONS
OFFICE OF HUMAND RESOURCES
DC PUBLIC SCHOOLS
825 NORTH CAPITOL STREET, NE 6TH FL
WASHINGTON, DC 20002-4232
(202) 442-5407,
                                      DEFENDANTS.

## COMPLAINT

1. This complaint is for back pay, attorney's fees, liquidated damages, front pay and injunctive relief under the Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, 42 USC, § 2000e, the Equal Pay Act of 1963 (Pub. L. 88-38) (EPA), as amended, 29 USC, § 206(d), the Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA), as amended, 29 USC, § 621, Title I and Title V of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, 42 USC, § 12101, and the Civil Rights Act of 1991 (Pub. L. 102-166), 42 USC, § 1981. The amount in controversy exceeds, exclusive of interest and costs, eighty-five thousand dollars ($85,000.00). See Plaintiff's Exhibits A and B, infra.

2. Plaintiff Roger Vann Smith is a resident and citizen of the State and City of New York, Borough of Brooklyn, County of Kings.

3. Defendants are officials, employees, contractors, agents and representatives of the District of Columbia government, District of Columbia Public Schools, acting in behalf of the citizens and taxpayers of the District of Columbia.

## COUNT I- TITLE VII

4. Paragraphs 1 through 3 are incorporated by reference.

5. Plaintiff applied for a Contract Specialist, EG-1102-13, position with defendants on May 1, 2001; pursuant to DCPS job announcement number 00-282. The annual salary was $50,411.

6. Plaintiff interviewed for position 00-282 with Annie R. Watkins and defendant Bazemore.

7. Defendants hired plaintiff January 3, 2003, as a Contract Specialist, ER-1102-11-01, but not for position 00-282, but COO-009 a position plaintiff had not applied for. The annual salary was $42,944.00, or $7,467.00 less than the position plaintiff was qualified for.

8. On January 29, 2004, defendant abolished plaintiff's position as a Contract Specialist, EG-1102-11-05. At the same time defendants abolished all other Office of Contracts and Acquisition, ER-1102-11, Contract Specialist positions held by Walter Comisiak, a male Caucasian, LaVita Hilton, a female African-American and Gwendolyn Walters, a female-African-American.

9. On February 9, 2004, plaintiff was re-hired by the defendants as a temporary Contract Analyst, not a Contract Specialist the position plaintiff had held prior to January 29, 2004, at Grade 12, Step 1, with an annual salary of $45,629.00. Plaintiff's benefits remaining in tact, including leave accrual and retirement contributions.

10. In April 2004 defendant Bazemore met with plaintiff, his Supervisor Watkins and others, at the DCPS Penn Center. The purpose of this meeting being among other things to address the serious under staffing situation within the Construction Division of the Office of Contracts and Acquisitions. This staffing shortage negatively affected the mission the Construction Division and led to plaintiff's intentional stress caused disability re-activation.

11. Defendant Bazemore was the DCPS Acting, or Deputy, Chief Procurement Officer at all times during the April 2004 meeting with her Construction Division and the DCPS Office of Facilities Management. The purpose of this meeting was among other things to address the

capacity of the Office of Contracts and Acquisitions to adequately address school facilities requirements in lieu of contract staff shortages.

12. On June 25, 2004, plaintiff was serving defendants in the capacity of a Contract Specialist, EG-1102-12-01, Office of Contracts and Acquisitions, but should have been serving as a Contract Analyst.

13. On June 25, 2004, plaintiff's Supervisory Contract Specialist Annie R. Watkins evaluated/rated the job performance of plaintiff from July 1, 2003 through June 30, 2004. Her overall rating of plaintiff was excellent with further comments that stated "Mr. Smith (plaintiff) has demonstrated that he is capable of handling large workloads. He (plaintiff) is knowledgeable and resourceful. He is capable of performing his duties with a minimum amount of supervision. He is always willing to assist co-workers and Program Offices staff. Mr. Smith is a dedicated and conscientious worker."

14. On June 25, 2004, plaintiff's Supervisory Contract Specialist Annie R. Watkins further rated plaintiff as being satisfactory in terms of the quantity of work plaintiff produced. She said plaintiff's work performance was excellent in terms of the quality of work plaintiff produced, plaintiff's work habits, personal relations and adaptability to various work conditions of a Contract Specialist, EG-1102-12.

15. On Saturday July 31, 2004, defendant Bazemore mandated that plaintiff work Sunday, August 1, 2004, to prepare contract packages for presentation to the DC School Board. This additional work was necessitated by the intentional failure of defendants, especially defendant Bazemore, to adequately staff the Penn Center Contract Office where plaintiff was assigned and had been assigned since January 6, 2003.

16. On Sunday, August 1, 2004, plaintiff's pre-existing disability was activated from stress intentionally placed on plaintiff's person, under unbearable work conditions, by defendant Bazemore. This intentional stress resulted in plaintiff's being out of work, and without pay (excepting August 5 and 6, 2004), from August 2, 2004 through December 13, 2004.

17. On September 30, 2004, defendants extended plaintiff's temporary appointment as a Contract Specialist, EG-1102-12-02, through September 30, 2005.

18. On September 30, 2004, plaintiff's annual salary was $45,629.00.

19. On July 14, 2005, plaintiff was 59 years of age (on March 3, 2006, when defendants fired plaintiff, plaintiff was 60 years of age) serving the DC Public Schools, Office of Contracts and Acquisitions as a temporary Contract Specialist, WAA, EG-1102-12-02, through September 30, 2005.

20. On July 14, 2005, plaintiff's annual salary was $47,089.00.

21. On July 14, 2005, plaintiff was serving in the capacity as a temporary Contract Specialist with known medical disabilities, diabetes plus a skeletal/back/neck disability.

22. Both disabilities existed prior to plaintiff's employment by defendants on November 3, 2002.

23. Plaintiff's color is that of a fair complexion, male, African-American, whose color has a tendency to lead others to believe he is either a Caucasian or Jewish, not African-American.

24. Plaintiff is a Viet Nam Era, honorably discharged, veteran Army Officer.

25. Plaintiff was employed by defendants to work an 80-hour tour of duty.

26. Between October 31 and November 14, 2005, plaintiff was diligently working furniture, fixtures and equipment contract actions for the opening of the Bell-Lincoln Multicultural School Campus.

27. Due to staffing and the non-availability of a Supervisory Contract Officer with a warrant, all then pending furniture, fixtures and equipment contract actions for the Bell-Lincoln Campus prepared by plaintiff were backed-up which negatively impacting the DCPS ability to open the new school.

28. The intentional backed-up created by defendants Bazemore and Armstrong due to staff shortages and lack of supervision of Contracts staff, led to undue and intentional emotional stress on plaintiff's person. This intentional stress led to the re-activation of plaintiff's disabilities on or about November 14, 2005.

5

29. On December 29, 2005, while plaintiff was on vacation leave, plaintiff sought medical intervention to address the re-activation of his on the job stress induced disabilities.

30. The medical intervention was on going and continuous though plaintiff's physicians until defendants terminated plaintiff's employment on March 3, 2006 and plaintiff's family healthcare insurance benefit coverage on April 4, 2006. Defendants, especially defendants Bazemore and Armstrong, intentional conspired to and subsequently terminated both plaintiff's employment and family healthcare benefits while plaintiff was out of work on sick and disability leave for medical treatment.

31. On or about February 15, 2006, defendants intentionally conspired to and ceased assigning contract work actions to plaintiff. Defendants removed plaintiff from the contract workload database on or before February 15, 2006, as the first step before their planned termination of plaintiff on Friday, February 17, 2006. Defendants' termination paperwork was in place and set to fire plaintiff on Thursday, February 16, 2006, based on plaintiff's sex, color, age and plaintiff's disabilities.

32. On February 17, 2006, after being further subjected to undue on the job harassment by defendants, especially defendants Bazemore and Armstrong, plaintiff became ill from emotional distress and had to depart work, with a written illness notice submitted to his then Supervisor Contract Specialist Wayne Minor at the Penn Center.

33. On March 3, 2006, defendants completed their conspiracy and terminated plaintiff's employment as a non-official status Contract Specialist, EG-1102-12-03, with an annual salary of $48,548.00. Defendants' conspired to intentionally create a false pre-text, led by defendant Bazemore, to terminate plaintiff's employment. Defendants alleged false pre-text being that plaintiff had abandoned plaintiff's position as a Contract Specialist, EG-1102-12-03. However, plaintiff had been taken ill on the job on February 17, 2006, due to emotional stress defendants had subjected plaintiff while plaintiff was receiving medical intervention for the on the job induced disability/illness.

34. Defendants had completed their conspiracy to terminate plaintiff's employment on February 16, 2006. However, the on the job emotional stress defendants subjected plaintiff to led to plaintiff's on the job illness. Plaintiff's disabilities were set-off by the intentional actions of the defendants; therefore, plaintiff had to depart work early on February 17, 2006, for, if, not too late, medical intervention by plaintiff's family physician. Defendants had planned during a face-to-face meeting on February 17, 2006 to either fire plaintiff, or in the alternative, place plaintiff on suspension with or without pay.

35. Defendants, led by defendants Bazemore and Armstrong, fired plaintiff based on plaintiff's color, sex, age and disabilities.

## COUNT II-ADEA and ADA

36. Paragraphs 1 through 35 are incorporated by reference.

37. On July 14, 2005, 1:09 PM, plaintiff applied for the vacant Contract Specialist position 04-CBOO-01, Grade EG-1102-12/13, with an annual average salary of $57,768.00.

38. On August 4, 2005, 5:45 PM, position 04-CBOO-01 remained open and had not been filled by the defendants for the DCPS, Office of Contracts and Acquisitions.

39. Plaintiff was and is otherwise qualified by experience, education or both for position 04-CBOO-01 that he had applied for with the defendants on July 14, 2005 at 1:09 PM.

40. Defendants denied plaintiff this position based on plaintiff's age, color, sex and disabilities.

## COUNT III-ADEA and ADA

41. Paragraphs 1 through 40 are incorporated by reference.

42. On January 27, 2006, 3:21 PM, plaintiff applied for the vacant Contract Specialist position 06-CBOO-005, Grade EG-1102-12, which had/has an annual average salary of $52,200.00.

43. Plaintiff was/is otherwise qualified by experience, education or both for position 06-CBOO-005 that he had applied for with the defendants on January 27, 2006 at 3:21 PM.

44. Defendants denied plaintiff this position based on plaintiff's age, color, sex and disabilities.

## COUNT IV-ADEA and ADA

45. Paragraphs 1 through 44 are incorporated by reference.

46. On January 27, 2006, 3:21 PM, plaintiff applied for the vacant Contract Specialist position 06-CBOO-006, Grade EG-1102-13, which had/has an annual average salary of $62,076.00.

47. Plaintiff was/is otherwise qualified by experience, education or both for position 06-CBOO-006 that he had applied for with the defendants on January 27, 2006 at 3:21 PM.

48. Defendants denied plaintiff this position based on plaintiff's age, color, sex and disabilities.

## COUNT V-ADED and ADA

49. Paragraphs 1 through 44 are incorporated by reference.

50. On January 27, 2006, 3:21 PM, plaintiff applied for the vacant Contract Specialist position 06-CBOO-007, Grade EG-1102-13, which had/has an annual average salary of $62,076.00.

51. Plaintiff was/is otherwise qualified by experience, education or both for position 06-CBOO-007 that he had applied for with the defendants on January 27, 2006 at 3:21 PM.

52. Defendants denied plaintiff this position based on plaintiff's age, color, sex and disabilities.

## COUNT VI - EQUAL PAY ACT of 1963

53. Paragraphs 1 through 52 are incorporated by reference.

54. Between August 10, 2005, through September 22, 2005, plaintiff openly, continuously and notoriously approached defendants via defendants Bazemore and Armstrong regarding plaintiff's status as a temporary employee whose appointment was to expire as of the close of business September 30, 2005.

55. On August 10, 2005, defendant Bazemore alleged that she would "convene a meeting (sic) you within the next two weeks to advise you of your employment status." This meeting was never held and never attempted by defendant Bazemore.

56. On August 18, 2005, plaintiff forwarded requested personnel documents to defendant Bazemore per her request, but nothing further transpired.

57. The non-action by defendants, especially defendant Bazemore, who knew or had good reason to have known of plaintiff's disabilities and the stress it placed on plaintiff by way of plaintiff's disabilities, resulted in greater work related stress, and emotional distress.

58. Defendants, especially defendant Bazemore, knew or should have known that the denial of equal pay for plaintiff, pay on the same level as that of plaintiff's female, African-American, co-workers LaVita Hilton and Gwendolyn Walters. Both of who had been terminated along with plaintiff, but subsequently promoted to Grade EG-1102-13 by defendants. Wherein all three, including plaintiff, performed the same level of Contract Specialist duties. This fact too created on the job stress for plaintiff, even more so after plaintiff had applied for Grade, EG-1102-13, positions plaintiff qualified for based on plaintiff's experience, education, age, veteran status, and disabilities.

59. Between February 29, 2004 and August 30, 2005, Contract Specialists LaVita Hilton, a female African-American and Gwendolyn Walters, a female-African-American were promoted to regular Grade, EG-1102-13, Contract Specialist positions. Their average annual salaries being $62,076.00, which is not equal to that of plaintiff for similar, if not lesser, duties of a Contract Specialist.

60. Between February 29, 2004 and February 3, 2006, defendants allowed Contract Specialist LaVita Hilton and Gwendolyn Walters and other Contract Specialists and procurement personnel overtime to complete their contract workloads. Whereas on February 3, 2006, defendants Bazemore and Armstrong conspired to intentionally deny overtime to plaintiff for required contract duties.

61. Defendants after hiring and before firing plaintiff, with plaintiff's excellent employment rating, openly, continuously and notoriously denied plaintiff equal pay for the same Contract Specialist duties other Contract Specialists were called upon to produce based on plaintiff's age, sex, color and disabilities.

RELIEF REQUESTED

WHEREFORE, plaintiff requests the following relief:

A. An injunction requiring defendants to appoint or assign plaintiff to a permanent Contract Specialist, EG-1102-13-01, or equivalent position.

B. An injunction requiring defendants to reinstate plaintiff's full retroactive benefits to March 3, 2006.

C. Back and front compensatory damages against the defendants for defendants' violations of the ADEA, ADA or both.

D. Punitive damages against defendants for defendants' intentional discrimination against plaintiff.

E. An award of attorney's fees and costs.

F. Such other equitable relief as the Court deems appropriate.

JURY TRIAL

Plaintiff requests trial by jury on all his claims.

Respectfully submitted,

Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No Telephone

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Roger V. Smith<br>PO Box 29067<br>Washington, DC 20017 | From: | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-00736 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Janet A. Stump for*
Dana Hutter
Director

FILED JUN 26 2006

SEP 29 2006  (Date Mailed)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1671

Enclosures(s)

cc: Loretta Blackwell
Labor & Employee Relations
DC PUBLIC SCHOOLS
825 North Capital St., NE
Sixth Floor
Washington, DC 20002

PLAINTIFF'S EXHBIT "A"



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
1801 L Street, N.W. – Suite 100
Washington, D.C. 20507-1002

OFFICIAL BUSINESS

Roger V. Smith
P.O. Box 29067
Washington, DC 20017

PLAINTIFF'S EXHIBT "B"