UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER VANN SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-CV-1671 (PLF) |
| | ) |
| CLIFFORD B. JANEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, APPOINTMENT OF A CIVIL PRO BONO PANEL COUNSEL**

COME NOW plaintiff Roger Vann Smith, pro se, moving this Honorable Court for judgment on the pleadings, or, in the alternative, appointment of a Civil Pro Bono Panel Counsel to represent his legal interests in the interests of equity and justice.

Plaintiff is without a telephone and therefore was not able to request defendants' counsel's consent to the filing of this motion.

In support of this motion plaintiff submits his memorandum of points and authorities and proposed order.

WHEREFORE, plaintiff Roger Vann Smith, pro se, prays this Honorable Court grant his motion, or, in the alternative, grant him a legal counsel from the Court's Civil Pro Bono Panel.

Respectfully submitted,

*[signature]*
Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No telephone

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing plaintiff's motion for judgment on the pleadings, or, in the alternative, appointment of a Civil Pro Bono Panel Counsel, memorandum of points and authorities and proposed order were mailed, postage pre-paid, this 29th day of December 2006, to:

Melvin W. Bolden, Jr.
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001-2714
Telephone: (202) 724-5695

ROGER VANN SMITH

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 DEC 29 PM 1: 23

NANCY M.
MAYER-WHITTINGTON
CLERK

ROGER VANN SMITH )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 06-CV-1671 (PLF)
)
CLIFFORD B. JANEY, *et al.*, )
)
    Defendants. )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, APPOINTMENT OF A CIVIL PRO BONO PANEL COUNSEL

1. Plaintiff named as party defendants within his complaint Clifford B. Janey, Superintendent, District of Columbia Public Schools, Kevin A. Green, Chief Procurement Officer, Office of Contracts and Acquisitions, District of Columbia Public Schools, Glorious Bazemore, Deputy Chief Procurement Officer, Office of Contracts and Acquisitions, District of Columbia Public Schools, James Armstrong, Contract (Consultant), Contract Specialist, Office of Contracts and Acquisitions, District of Columbia Public Schools, Tony Demasi, Executive Director, Office of Human Resources, District of Columbia Public Schools, and Lorretta Blackwell, Director, Labor Management and Employee Relations, District of Columbia Public Schools.

2. Plaintiff's complaint and summons were served upon each defendant named within his complaint on October 3, 2006 at 2:30 PM by delivery to Latisha Cannady, Legal Assistant, District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002.

3. Defendants Clifford B. Janey, Kevin A. Green, Glorious Bazemore, Tony Demasi and Lorretta Blackwell pleadings closed with the filing and service of their enlarged answer, by counsel, on December 20, 2006. Whereas defendant James Armstrong, by counsel, and in consideration of several enlargements, failed to answer the complaint's averments when a responsive pleading was required.

4. Federal Rules of Civil Procedure, Rule 8(d), deems defendant James Armstrong, by counsel, has admitted all of plaintiff's averments, other than those in conjunction with Rule 8(d) that aver monetary damage.

5. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 28, alleging inter alia that, "defendants Bazemore and Armstrong due to staff shortages and lack of supervision of Contracts staff, led to undue and intentional emotional stress on plaintiff's person. This intentional stress led to the re-activation of plaintiff's disabilities on or about November 14, 2005."

6. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 30, alleging inter alia that, "defendants Bazemore and Armstrong, intentional(ly) conspired to and subsequently terminated both plaintiff's employment and family healthcare benefits while plaintiff was out of work on sick and disability leave for medical treatment."

7. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 31, alleging that, "On or about February 15, 2006, defendants intentionally conspired to and ceased

assigning contract work actions to plaintiff. Defendants removed plaintiff from the contract workload database on or before February 15, 2006, as the first step before their planned termination of plaintiff on Friday, February 17, 2006. Defendants' termination paperwork was in place and set to fire plaintiff on Thursday, February 16, 2006, based on plaintiff's sex, color, age and plaintiff's disabilities."

8. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 32, alleging that, "On February 17, 2006, after being further subjected to undue on the job harassment by the defendants, especially defendants Bazemore and Armstrong, plaintiff became ill from emotional distress and had to depart work, with a written illness notice submitted to his then Supervisor Contract Specialist Wayne Minor at the Penn Center."

9. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 33, alleging inter alia that, "plaintiff had been taken ill on the job on February 17, 2006, due to emotional stress defendants had subjected plaintiff (to) while plaintiff was receiving medical intervention for the on the job induced disability/illness."

10. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 35, alleging inter alia that, "defendants Bazemore and Armstrong, fired plaintiff based on plaintiff's color, sex, age and disabilities."

11. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 40, alleging that, "Defendants denied plaintiff this position (as averred within paragraphs 37 through 39 of his complaint) based on plaintiff's age, sex and disabilities."

12. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 48, alleging that, "Defendants denied plaintiff this position (as averred within paragraphs 42 through 47 of his complaint) based on plaintiff's age, sex and disabilities."

13. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 52, alleging that, "Defendants denied plaintiff this position (as averred within paragraphs 50 through 51 of his complaint) based on plaintiff's age, sex and disabilities."

14. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 54, alleging that, "Between August 10, 2005, through September 22, 2005, plaintiff openly, continuously and notoriously approached defendants Bazemore and Armstrong regarding plaintiff's status as a temporary employee whose appointment was to expire as of the close of business September 30, 2005."

15. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 57, alleging that, "The non-action by defendants, especially defendant Bazemore, who knew or had good reason to have known of plaintiff's disabilities, resulted in greater work related stress, and emotional distress (on plaintiff)."

16. Defendant James Armstrong, by counsel, considering Rule 8(d), admits the averment contained within plaintiff's complaint, paragraph 61, alleging that, "Defendants after hiring and before firing plaintiff, with plaintiff's excellent employment rating, openly, continuously and notoriously denied plaintiff equal pay for the same Contract Specialist duties other Contract Specialists were called upon to produce based on plaintiff's age, sex, color and disabilities."

Respectfully submitted,

Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No telephone

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 DEC 29 PM 1: 23

NANCY H.
MAYER-WHITTINGTON
CLERK

ROGER VANN SMITH            )
                            )
            Plaintiff,      )
                            )
    v.                      )   CIVIL ACTION NO. 06-CV-1671 (PLF)
                            )
CLIFFORD B. JANEY, et al.,  )
                            )
            Defendants.     )
_____)

PROPOSED ORDER

UPON CONSIDERATION of the plaintiff's motion for judgment on the pleadings, or, in the alternative, appointment of a Civil Pro Bono Panel Counsel, the record, and the defendants, by counsel, opposition, if any, it is this _____ day of _____ 2007;

ORDERED that plaintiff's motion is GRANTED/DENIED.

So ordered.

_____
PAUL L. FRIEDMAN
United States District Court Judge
District of Columbia

Copies to;

Roger Vann Smith
467 Quincy Street
Brooklyn, New York
11221-1505
Plaintiff, Pro Se

Melvin W. Bolden, Jr. (#192170)
Assistant Attorney General
441 Fourth Street, N. W.
Sixth Floor South
Washington, D.C. 2001-2174
Attorney for Defendants