UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER VANN SMITH,              )
                               )
        Plaintiff,             )
                               )
    v.                         ) Civil Action No.06CV01671PLF)
                               )
CLIFFORD B. JANEY,  et al,     )
                               )
                               )
        Defendant.             )


DEFENDANT JAMES ARMSTRONG'S
ANSWER TO THE COMPLAINT

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

1.      Defendant admits the existence of the statutory and Constitutional references in paragraph 1 of the Complaint but denies that jurisdiction is necessarily conferred on this court or this defendant solely by reason thereof.

2.      Defendant admits that Roger Vann Smith is the plaintiff. The remaining allegations contained in paragraph 2 are conclusions of law and of the pleader to which no response is required.

3.      The allegations contained in paragraph 3 are conclusions of law and of the pleader to which no response is required.

4.      Defendant incorporates by reference hiis answers paragraphs 1 through 3.

5. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 5.

6. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 6.

7. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 7.

8. Defendant admits that on January 29, 2004, a position held by plaintiff was abolished. Defendant lacks sufficient information to admit or deny the reamaining allegations in paragraph numbered 8.

9. Defendant admits on February 9, 2004 plaintiff was re-hired into the temporaty position of Contract specialist at Grade 12, step 1 with an annual salary of $45,629.00 and plaintiff's benefits remained intact, including leave accrual and retirement contributions. Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragrph numbered 9.

10. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 10.

11. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 11.

12. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 12.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 13.

14. Defendant lacks sufficient information to admit or deny the allegations in

paragraph numbered 14.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 15.

16. The allegations contained in paragraph 16 are denied.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 17.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 18.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 19.

20. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 20.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 21.

22. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 22.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 23.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 24.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 25.

26. Defendant lacks sufficient information to admit or deny the allegations

in paragraph numbered 26.

27.     Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 27.

28.     The allegations contained in paragraph numbered 28 are denied.

29.     Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 29.

30.     Defendant admits that plaintiff's was separated from his employment effective March 3, 2006. The remaining allegations contained in paragraph numbered 30 are denied.

31.     The allegations contained in paragraph numbered 31 are denied.

32.     The allegations contained in paragraph numbered 32 are denied.

33.     The allegations contained in paragraph numbered 33 are denied.

34.     The allegations contained in paragraph numbered 34 are denied.

35.     The allegations contained in paragraph numbered 35 are denied.

36.     Paragraphs 1 through 35 are incorporated herein by reference.

37.     Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 37.

38.     Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 38.

39.     Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 39.

40.     The allegations contained in paragraph numbered 40 are denied.

41.     Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 42..

43. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 43.

44. The allegations contained in paragraph numbered 44 are denied.

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 46..

47. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 47.

48. The allegations contained in paragraph numbered 48 are denied.

49. Paragraphs 1 through 48 are incorporated herein by reference.

50. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 50..

51. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 51.

52. The allegations contained in paragraph numbered 52 are denied.

53. Paragraphs 1 through 52 are incorporated herein by reference.

54. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 54.

55. Defendant lacks sufficient information to admit or deny the allegations in paragraph numbered 55.

56 Defendant lacks sufficient information to admit or deny the

allegations in paragraph numbered 56.

    57.    The allegations contained in paragraph numbered 57 are denied.

    58.    The allegations contained in paragraph numbered 58 are denied.

    59.    The allegations contained in paragraph numbered 59 are denied.

    60.    The allegations contained in paragraph numbered 60 are denied.

    61.    The allegations contained in paragraph numbered 61 are denied.

Further answering the complaint, defendant denies all allegations not specifically admitted or denied.

### Third Defense

Plaintiff has failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### Fourth Defense

Plaintiff has failed to comply with the mandatory provisions of D.C. Code 12-309.

### Fifth Defense

Plaintiff might have failed to meet the applicable statute of limitations.

### Sixth Defense

Plaintiff has failed to mitigate any damages he may have incurred.

### Seventh Defense

At all times relevant hereto, defendant has acted toward plaintiff in accordance with applicable statutory, regulatory and other pertinent legal provisions.

### Eighth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

### Ninth Defense

Plaintiff's EEOC/Human Rights claim might not have been filed in a timely manner.

### Tenth Defense

The complaint might not have been filed in a timely manner.

### Eleventh Defense

If plaintiff was injured and/or damaged as alleged in the complaint, said injuries or damages resulted from plaintiff's own willful conduct.

### Twelth Defense

Plaintiff would have been subjected to the alleged employment action even if she had not engaged in protected activity.

### Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

### Jury Demand

Defendant hereby demands a jury on all issues so triable.

Wherefore, defendant requests that the Court dismiss the complaint and award him the expense of litigation, costs and interest, and other such relief as the Court deems just and proper.

> LINDA SINGER
> Acting Attorney General
> for the District of Columbia, D.C
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division

        _____
KIMBERLY M. JOHNSON ( # 435163)
Chief, General Litigation Section I


_____
MELVIN W. BOLDEN, JR. (#192179)
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.
(202) 724-5695
 Attorney for the Defendant


Certificate of Service

I herby certify that a copy of the foregoing answer to the complaint was mailed postage prepaid to Roger Vann Smith, Esquire  467 Quincy Street, Brooklyn, N.Y 11221-1505 this  5th day of January, 2007.


_____
Melvin W. Bolden, Jr.
Assistant Attorney General