RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA 17 AM 11: 23

| | |
|---|---|
| ROGER VANN SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-CV-1671 (PLF) |
| ) | |
| CLIFFORD B. JANEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S REBUTTAL TO DEFENDANTS, BY COUNSEL, OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, by counsel, proffer to this Honorable Court a rather spurious argument in opposition to plaintiff's motion for judgment on the pleadings due either to defendants' counsel's negligence or oversight, which, that is the oversight too should be construed by this Honorable Court as negligence inasmuch as this Honorable Court granted defendants counsel three (3) enlargements, November 3, 2006, December 5, 2006 and December 21, 2006, respectively, to file all defendants' answer to plaintiff's complaint.

Defendants, by counsel, would lead this Honorable Court to believe, inter alia, defendant Armstrong is not an employee, or, in the alternative, a contract consultant of the District of Columbia Public Schools whose duties are controlled by District of Columbia Public Schools. Whereas defendant Armstrong was at all times working, and at the time of plaintiff's cause of action, was plaintiff's supervisory contracting officer at the District of Columbia Public Schools Penn Center, overseeing and controlling for the contracting officer plaintiff's and other procurement personnel contract actions who were

then assigned to support procurement activities for District of Columbia Public Schools

Facilities.

Defendants, by counsel, failed to allege any status whatsoever regarding

defendant Armstrong's with District of Columbia Public Schools. And, it appears,

without more that defendants, by counsel, would have this Honorable Court construe and

believe that defendant Armstrong is merely someone plaintiff named within his lawsuit

because plaintiff had nothing better to do than pull names out of the sky. Whereas

defendant Armstrong, as of January 11, 2006, worked for District of Columbia Public

Schools, within the Office of Contracts and Acquisitions, 825 North Capitol Street, N. E.,

Washington, D. C. 20002. Furthermore defendants, by counsel, would have this

Honorable Court construe and believe, but for defendants' counsel's negligence or

oversight, as the case may be, that the service of process upon all named defendants was

adequate by way of service pursuant to Rule 4 (e) (2) by serving Ms. Latisha Cannady,

Legal Assistant, other than, that is, defendant Armstrong. At best this is a spurious

argument, which on its face and without more, appears to be an attempt to circumvent

counsel for the defendants negligence or oversight.

The defendants, by counsel, alleging Defunis v. Obegaard, 412 U. S. 312 (1974)

is overridden by the same Court earlier holding in Swann v. Charlotte-Mecklenburg

Board of Education, 402 U, S. 1 (1971). Like *Swann* wherein the Court held that because

bus transportation had traditionally been employed by school systems, busing could be

used in efforts to correct racial imbalances. Here this Honorable Court can strike the

failure to properly and timely answer of defendant Armstrong, by counsel, since service

of process of those assigned to District of Columbia Public Schools is traditionally made

by way of service to District of Columbia Public School General Counsel. Latisha Cannady, Legal Assistant, is an employee of District of Columbia Public Schools, assigned to the Office of the General Counsel, whose duties amid others includes the acceptance of service of process for District of Columbia Public School employees and consultants acting or the color of authority for District of Columbia Public Schools. Service upon all defendants therefore, and without more should be construed to be within the four corners of Rule 4 (e) (2).

WHEREFORE plaintiff Roger Vann Smith, pro se, prays that this Honorable Court, (1) strike the purported answer for defendant Armstrong, by counsel, and (2) grant plaintiff's motion for judgment on the pleadings.

Respectfully submitted,

Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No telephone

## CERTIFICATE OF SERVICE

I, Roger Vann Smith, certify that I hand delivered a copy of the foregoing plaintiff's rebuttal to defendants, by counsel, opposition to motion for judgment on the pleadings this 17th day of January 2007, to:

Melvin W. Bolden, Jr.
Assistant Attorney General
441 4th Street, N. W., 6th Floor South
Washington, D. C. 20001-2174
Attorney for Defendants

Roger Vann Smith