UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER VANN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-1671 (PLF) |
| v. | ) | |
| | ) | |
| CLIFFORD B. JANEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, files this action alleging that he was terminated from his employment with the District of Columbia Public Schools in violation of a number of federal anti-discrimination laws. He names as defendants officials, employees, contractors, agents, and representatives of the District of Columbia government and public schools. Before the Court is plaintiff's motion for judgment on the pleadings.

I. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "shall be granted if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quotation and citation omitted).

II. DISCUSSION

Plaintiff moves for judgment on the pleadings based on defendant James

Armstrong's failure to file a timely answer to the complaint.[1]  As support for his motion, plaintiff cites Rule 8(d) of the Federal Rules of Civil Procedure.  That Rule states, in relevant part, that any "[a]verments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading."  Fed. R. Civ. P. 8(d).

Plaintiff's motion is without merit.  Prior to the filing of the motion, defendant Armstrong had not filed an answer or otherwise responded to the complaint, but plaintiff's own motion reveals that the Mr. Armstrong had not been properly served.  The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure and other applicable legal provisions.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal citations and quotations omitted).  To properly serve an individual defendant under Rule 4, a plaintiff must deliver the summons and complaint to the named defendant or his authorized agent. Fed. R. Civ. P. 4(e)(2).

Because plaintiff is proceeding *in forma pauperis*, service of process was performed by a United States Marshal.  *See* 28 U.S.C. § 1915(d).  Generally, *pro se* plaintiffs who depend on Court officers should not be penalized for a court officer's failure to properly effect service of process.  *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring).  Deference to plaintiffs' *pro se* status, however, cannot justify the exercise of jurisdiction over defendants who have not been served properly.  *See Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997) (service on *pro se* plaintiff's employer not sufficient to effect personal service on employee under Rule 4(e)); *see also Huskey v. Quinlan*, 785 F.Supp. 4,

---

[1] Since the filing of plaintiff's motion, all defendants have filed an answer.

6 (D.D.C. 1992) (dismissing for lack of personal jurisdiction claims brought by *pro se* plaintiff proceeding *in forma pauperis* because "[n]othing in the record . . . reflects that any of the Defendants have been properly served"). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

Service for Mr. Armstrong was accepted by Latisha Cannady, a Legal Assistant employed by the District of Columbia Public Schools. *See* Docket #5 & Pl.'s Mot. ¶ 2. Plaintiff has offered no evidence that Ms. Cannady is qualified to receive service for defendant Armstrong as required by Rule 4. Therefore, plaintiff is not entitled to judgment on the pleadings.

Plaintiff has also moved, in the alternative for the appointment of counsel. Because plaintiff has been granted leave to proceed *in forma pauperis*, the Court may ask an attorney to represent him. 28 U.S.C. §1915(e)(1). In making such a determination, the Court takes into account:

(i)   the nature and complexity of the action;
(ii)  the potential merit of the *pro se* party's claims;
(iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
(iv)  the degree to which the interests of justice will be served by appointment of
      counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Local Rule 83.11(b)(3).

Applying these factors, the Court finds that the appointment of counsel is not merited at this time. It is too early in the litigation to determine whether counsel should be appointed. Moreover, plaintiff is not entitled as of right to counsel in a civil case. There are not

-3-

enough members of the Civil Pro Bono Panel to appoint counsel in each case.  Accordingly, the interests of justice do not support the appointment of counsel.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is

ORDERED that plaintiff's motion for judgment on the pleadings or, in the alterantive, for the appointment of counsel [21] is DENIED.

/s/_____
PAUL L. FRIEDMAN
United States District Court

DATE:   April 19, 2007