UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 APR 29 PM 1:18
NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| ROGER VANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-1671 (PLF) |
| ) | MOTION FOR |
| ) | RECONSIDERATION |
| ) | |
| CLIFFORD B. JANEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the plaintiff Roger Vann Smith, pro se, moving the court to reconsider its order, in-part, denying plaintiff's motion for judgment on the pleadings due to the failure on the attorneys for defendant James Armstrong to timely file an answer to plaintiff's complaint.

In support of plaintiff's motion is his memorandum of points and authorities.

Respectfully submitted,

Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No telephone

### CERTIFICATE OF SERVICE

I hereby certify this 29th day of April that a true copy of plaintiff's motion for reconsideration, memorandum of points and authorities, and proposed order were mailed postage pre-paid to counsel for the defendants pursuant to Rule 5(b) (1), to:

1

Melvin W. Bolden, Jr.
Assistant Attorney General
441 4th Street, N. W.
6th Floor South
Washington, D.C.
20001-2714

*Roger Vann Smith* (signature)
ROGER VANN SMITH

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER VANN SMITH, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>CLIFFORD B. JANEY, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION: 06-1671 (PLF)<br><br>MEMORANDUM OF POINTS<br>AND AUTHORITIES |

1. Rule 4 (c) (2) holds, given its plain and customary English meaning without points and authorities, but in terms of equity, that service "may be" effected by the court by directing that service be made "by a United States Marshall, Deputy United States Marshall, or other person or officer 'specifically appointed' by the court for that purpose. The Rule goes forth holding, again given its plain and customary English meaning without points and authorities, but in terms of equity, that in the case of plaintiff authorized to proceed by the court "in forma pauperis" pursuant to 28 USC § 1915 (a) (1), that the appointment "must be made," as it was made, by the court. In terms of equity, it would appear on its face that the court is now holding plaintiff to a burden not supported by Rule 4 (c) (2) based on an evasive argument raised by defendant James Armstrong, by counsel.

2. Rule 4 (c) (2) "does not" hold that the named "in forma pauperis plaintiff" "must deliver the complaint to the named defendant or the defendant's authorized agent. To

1

the contrary the court appointed officer effects the deliver under oath that delivery is and was effective, that is proper, not the plaintiff.

3. Rule 4 (c) (2) holds the court effectuates service for an "in forma pauperis plaintiff" via its appointed officer for service. In plaintiff's case a United States Marshall, or Deputy US Marshall, as the case may be, not plaintiff.

4. Defendant James Armstrong, an employee of the District of Columbia Public Schools, by counsel, did not allege service was improper by delivery of plaintiff's complaint to Latisha Cannady, Legal Assistant, Office of the General Counsel, District of Columbia Public Schools, by the officer appointed by the court. Defendant James Armstrong to the contrary merely alleges that plaintiff "did not effect personal jurisdiction by serving "plaintiff. This makes little, if any logical sense. Why would plaintiff serve himself with his complaint for an answer? Service was made under oath to defendant James Armstrong, not "plaintiff, " not by leaving copies at defendant James Armstrong's dwelling house or usual place of abode. The court appointed officer delivered the complaint for defendant James Armstrong to Ms. Latisha Cannady. Defendant James Armstrong was an employee of the District of Columbia Public Schools. Rule 4 (e) (2) effects delivery of a copy of the complaint by the court appointed United States Marshall, or his/her Deputy to an agent authorized by appointment or by "law" to receive service of process. The sworn affidavit by an officer of the court holds that service was proper, not plaintiff. To hold otherwise places an unsupportable burden by equity on plaintiff proceeding by order of the court "in forma pauperis."

2

5. Rule 6 (b) holds, given its plain and customary English meaning without points and authorities, but in terms of equity, that when by order of the court an act allowed to be done at or within a specified time, the court for good cause shown may (1) with or without a motion or notice order the period enlarged if request therefor is made before the "expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion "made after the expiration of the specified period" permit the act to be done where the failure to act was the result of "excusable neglect." The neglect of defendant James Armstrong, by counsel, in filing his answer to plaintiff's complaint, by equity, should not be construed to be "excusable" neglect. Otherwise, it would appear without more, that the court, in harmful error, is over reaching to rule against plaintiff, placing a higher burden upon plaintiff than Rule 4, et seq., permits.

WHEREFORE, plaintiff Roger Vann Smith, pro se, prays that this court will reconsider plaintiff's motion for judgment on the pleadings based upon proper service of defendant James Armstrong and his failure, by counsel, to timely answer plaintiff's complaint.

Respectfully submitted,

_____
ROGER VANN SMITH, pro se

3

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER VANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-1671 (PLF) |
| ) | PROPOSED ORDER |
| ) | |
| ) | |
| CLIFFORD B. JANEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

UPON CONSIDERATION of the plaintiff's motion for reconsideration of the Court's Memorandum Opinion and Order filed on April 20, 2007 and entered April 20, 2007, it is by this Court this _____ day of _____, 2007,

ORDERED that plaintiff's motion is _____. It is

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Court