UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER VANN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-1671 (PLF) |
| v. | ) | |
| | ) | |
| CLIFFORD B. JANEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, files this action alleging that he was terminated from his employment with the District of Columbia Public Schools in violation of a number of federal anti-discrimination laws. He names as defendants officials, employees, contractors, agents, and representatives of the District of Columbia government and public schools. Before the Court is plaintiff's motion for reconsideration of this Court's order denying his motion for judgment on the pleadings.

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the Court's discretion and "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have

been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce*, 251 F. Supp. 2d. at 140 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

      Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding [where] ... it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b).  For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

      Plaintiff moved for judgment on the pleadings based on defendant James Armstrong's failure to file a timely answer to the complaint.  The Court denied the motion because Mr. Armstrong had not been properly served.  In his motion for reconsideration, plaintiff simply reasserts arguments he has previously made.  He has not offered any new facts or legal arguments that would justify a modification of the Court's earlier decision.  Accordingly, it is

      ORDERED that plaintiff's motion for reconsideration [26] is DENIED.

/s/_____
PAUL L. FRIEDMAN
United States District Court

DATE: July 17, 2007