UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER VANN SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CIVIL ACTION 06-1671 (PLF) |
| | ) |
| CLIFFORD B. JANEY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## **LOCAL RULE 16.3 REPORT**

Pursuant to the Court's Order of August 2, 2007 (Docket # 30) Fed R. Civil Procedure 26(f) and Local Rule 16.3, Plaintiff Roger Vann Smith, pro se, and the Defendants Clifford B. Janey, Kevin A. Green, Glorious Bazemore, James Armstrong, Tony Demasi, and Lorretta Blackwell respectfully submit this Joint Report outlining the parties' discovery plan, agreements reached between the parties, matters upon which the parties disagree, and proposed scheduling orders.

A telephone conference between the parties was held on August 20, 2007, with the following participants:

Plaintiff Roger Vann Smith, pro se; and,

Defendants Counsel Melvin W. Bolden, Jr., Assistant Attorney General for the District of Columbia.

Subsequent discussions have been held by and between the parties to produce this report.

1.   **STATEMENT OF FACTS AND STATUTORY GROUNDS**

This is an action brought by the Plaintiff Roger Vann Smith, pro se, seeking a declaratory judgment from this Court for back pay, attorney's fees, liquidated damages, front pay and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, 42 USC, § 2000e, the Equal Pay Act of 1963 (Pub. L. 88-38) (EPA), as amended, 29 USC, § 206(d), the Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA), as amended, 29 USC, § 621, Title I and Title V of the Americans with Disabilities Act of 1990 (Pub. L.101-336) (ADA), as amended, 42 USC, § 12101, and the Civil Rights Act of 1991 (Pub. L. 102-166), 42 USC, § 1981. Said complaint arises out of plaintiff's employment with the District of Columbia Public Schools.

Plaintiff and Counsel for the Defendants have conferred and issue this Joint Statement pursuant to Rule 16.3(a) of the Local Civil Rules and Fed. R. of Civ. P. 26(f).

**II.   DISCOVERY PLAN**

The parties agree that the initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall occur no later than 30 days from the entry of the Scheduling Order herein. The parties have agreed that full discovery shall take place and agree that the deadline for the closing of discovery be January 11, 2008.

**III.   LOCAL RULE 16.3 MATTERS**

The parties report to this Honorable Court on the 14 matters listed within Local Rule 16.3, as follows:

1. *Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

   The parties agree that the issues in this case may be resolved through the filing of cross-motions for summary judgment. The parties agree that a period of discovery should precede the filing of cross-motions for summary judgment.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

   The parties agree on the date for amending pleadings and joining additional parties, if any, to a date 30 days after entry of the Court's Scheduling Order.

3. *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

   The parties agree that this case should not be assigned to a magistrate judge.

4. *Whether there is a realistic possibility of settling the case.*

   The parties agree that there may be a realistic possibility of Settling this case depending upon facts developed through discovery.

5. *Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties agree that the Court's ADR procedures may assist in resolving the issues in this case, which too is dependant upon the developments of facts after discovery.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that this case may be resolved by filing of cross-motions for summary judgment. The parties agree on the schedule for filing such cross-motions.

The parties propose that the Court set a date for the filing of dispositive motions be set no earlier than 60 days after the completion of discovery in this case. Oppositions to any dispositive motions should be due within 30 days, and any reply within 21 days of the opposition.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

4

The initial disclosures required by Rule 26(a) (1) will be made by all parties by no later than 30 days after the entry of the scheduling order.

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties have agreed that full discovery shall take place and agree that the deadline for the closing of discovery be January 14, 2008. The parties will be limited to three (3) dispositions per party, twenty-five (25) interrogatories per party, forty (40) document requests per party; twenty-five (25) requests for admissions per party. Plaintiff asserts that in all other reasonable respects , viewing the fact plaintiff is pro se, subject to financial hardships stemming therefrom and the lack of financial capabilities to afford a retained local District of Columbia counsel, and plaintiff's not being a resident of the District of Columbia which requires travel and board expenses for discovery, standard limits on discovery, pursuant to the federal and local rules, shall apply with reasonable latitude by the Court.

9. *Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a) (2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

Plaintiff believes that expert testimony is

5

not necessary in this case. Wherefore Plaintiff proposes that if Defendants retain experts, they will disclose the identification of those retained experts, respective vitae, reports of their expert opinions, and contractual agreement regarding the nature and scope of expert services by November 1, 2007, pursuant to Rule 26(a) (2), Fed. R. Civ. P. Plaintiff further proposes that if Defendants designate experts, Plaintiff may designate rebuttal experts and exchange reports of their expert opinions, contractual agreements regarding the nature and scope of their expert services by December 1, 2007.

The parties agree that the requirements of Rule 26(a) (2), Fed. R. Civ. P. should not be modified and that the depositions of experts are completed by January 14, 2008.

*10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Since this is not a class action, this item is inapplicable.

*11. Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.*

The parties do not believe that any bifurcation of the trial discovery is necessary.

*12. The date for the pretrial conference (understanding that a trial*

*will take place 30 to 60 days thereafter).*

The parties agree that it would be premature to schedule a pretrial conference at this time. Instead the parties suggest a pretrial conference be scheduled by the Court after discovery closes on January 14, 2008.

*13.   Whether the Court should set a firm trial date at the first Scheduling conference or should provide that a trial will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that it would be premature to schedule a trial date at this time. Instead the parties suggest that a trial date be set at the pretrial conference.

*14.   Such other matters that the parties believe may be appropriate for   inclusion in a scheduling order.*

None.

### IV.   PROPOSED SCHEDULING ORDER

The Plaintiff's and Defendants' Proposed Scheduling Order is attached as Exhibit 1.

Dated: August 30, 2007

Respectfully submitted,

Roger Vann Smith
_____
Roger Vann Smith, pro se
467 Quincy Street
Brooklyn, New York 11221-1505
No telephone

LINDA SINGER

    Attorney General for the
    District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    KIMBERLY M. JOHNSON

    _____
    KIMBERLY M. JOHNSON (# 435163)
    Chief, General Litigation Section I

    MELVIN W. BOLDEN, Jr.

    _____
    MELVIN W. BOLDEN, JR. (# 192179)
    Assistant Attorney General
    441 Fourth St., N.W.
    Sixth Floor South
    Washington, D.C. 20001
    (202) 724-5695
    (202) 727-3625 (FAX)
    Attorneys for Defendants

    UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROGER VANN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-1671 (PLF) |
| | ) | |
| CLIFFORD B. JANEY, *et al.*, | ) | |
| | ) | |

    Defendants.     )
_____)

## **SCHEDULING ORDER**

  Having received the parties Joint Rule 16.3 Statement, the Court enters the following Scheduling Order:

1. The parties will make initial disclosures pursuant to Fed. R.C. P, Rule 26 (a) (1) within 30 days of the entry of this Order.

2. The parties will conclude discovery by January 14, 2008.

3. The parties will be limited to three (3) depositions per party, twenty-five (25) interrogatories per party, forty (40) document requests per party; twenty-five (25) requests for admission per party, and that in all other respects the standard limits on discovery, pursuant to the federal and local rules, shall apply with reasonable latitude by the Court for the pro se plaintiff.

4. The depositions of all experts named by parties, if any, shall be completed by January 14, 2008. Plaintiff does not anticipate any requirement for experts in this case. Should Defendants name experts, they shall name them by November 1, 2007.

5. Dispositive motions shall be filed by the parties by April 4, 2008; oppositions are due by May 4, 2008; and replies, if any are due by May 26, 2008.

6. A status hearing shall be held on _____ ___, 2008.

                _____
                PAUL L. FRIEDMAN

United States District Court Judge