UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER VANN SMITH,

    Plaintiff,

    v.                                                                                          No. 1:06-cv-1671 (PLF)

CLIFFORD B. JANEY, et al.,

    Defendants.

<u>Second Report Pursuant to Local Civil Rule 16.3(d)</u>

Pursuant to the Court's Order of March 31, 2008, Fed R. Civ. P. 26(f), and Local Civil Rule 16.3, Plaintiff Roger Vann Smith, by his counsel, and Defendants Clifford B. Janey, Kevin A. Green, Glorious Bazemore, James Armstrong, Tony Demasi, and Lorretta Blackwell, by their counsel, respectfully submit this Second Report pursuant to Local Civil Rule 16.3(d).

**I.**  **Previous Report; Conference Between the Parties**.  The parties previously conferred on August 20, 2007, at a time when Plaintiff was proceeding *pro se*, and filed a "Local Rule 16.3 Report" on August 30, 2007 (the "First Report").  This Second Report is intended to supersede the First Report.

A telephone conference was held on April 15, 2008, between counsel for Plaintiff, Robert M. Morgan, and counsel for Defendants, Melvin W. Bolden, Jr., Assistant Attorney General for the District of Columbia.

**II.     Local Civil Rule 16.3(c) Matters**

The parties report to the Court on the 14 matters listed in Local Civil Rule 16.3(c) as follows:

1.     *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties agree that the issues in this case are unlikely to be disposed of by dispositive motions other than motions for summary judgment, which are addressed in item 6 below.  No dispositive motions have been filed.

2.     *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties agree not to file amendments to the pleadings or to join additional parties. The parties expect that some of the factual and legal issues can be agreed upon or narrowed after discovery.

3.     *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties agree that this case should not be assigned to a magistrate judge.

4.     *Whether there is a realistic possibility of settling the case.*

The parties agree that there may be a realistic possibility of settling this case depending upon facts developed through discovery.

5.     *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this*

*provision with their clients.*

The parties agree that the Court's ADR procedures may assist in resolving the issues in this case after discovery. Counsel have discussed ADR and their response to this provision with their clients.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that this case may be resolved by filing of cross-motions for summary judgment. The parties propose that the Court set December 18, 2008, as the deadline for filing summary judgment motions, that oppositions to any such motions should be due by January 19, 2009, and any reply by February 9, 2009.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

Counsel for Plaintiff represents that Plaintiff made his initial disclosures on March 10, 2008. The parties propose that all initial disclosures be made by May 23, 2008.

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties agree that full discovery shall take place and that the deadline for the closing of discovery be October 20, 2008.

The parties agree that the parties will be limited to seven depositions per party (provided that a Rule 30(b)(6) deposition of more than one person designated by Defendants

3

shall be deemed a single deposition), 25 interrogatories per party, 40 document requests per party, and 25 requests for admissions per party.

Plaintiff intends to notice a Rule 30(b)(6) deposition of a person competent to testify on behalf of the District of Columbia Public Schools about, among other subjects, its record retention and electronic document retention and retrieval procedures in general and in this case.

The parties do not know if a protective order will be needed.

9. *Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a) (2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The parties agree that they do not now intend to use expert testimony in this case. The parties agree that the requirements of Rule 26(a) (2) should not be modified if experts are subsequently used by either party. If experts are named, the proponents' experts shall be identified by July 1, 2008; opposing experts shall be identified by September 1, 2008.

10. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

11. *Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.*

The parties do not propose any bifurcation of the trial or discovery.

12. *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree that it would be premature to schedule a pretrial conference at this time. Instead the parties suggest that a pretrial conference be scheduled by the Court after

discovery closes.

13.   *Whether the Court should set a firm trial date at the first Scheduling conference or should provide that a trial will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that it would be premature to schedule a trial date at this time. Instead the parties suggest that a trial date be set at the pretrial conference.

14.   *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

Because he is proceeding *in forma pauperis*, Plaintiff requests that Defendants agree pursuant to Rules 28(a), 29, and 30(b)(2&3), or that the Court order Defendants, to: (a) make available a convenient room at its offices for depositions noticed by both parties; ( b) cause a notary public to attend the beginning of each deposition for either party and to make the statements on the record specified in Rule 30(b)(4); and (c) cause an audio recording of each deposition to be made on a compact disc and furnish a copy of the recording to counsel for Plaintiff promptly after the relevant deposition.

Defendants do not agree to entry of the above described order. Defendants will agree to work with plaintiff to produce a consent order to be submitted to the Court governing the terms and conditions of depositions to be held without a stenotype reporter.

### III. PROPOSED SCHEDULING ORDER

The parties' Proposed Scheduling Order is attached as Exhibit 1.

Dated: April 16, 2008

Respectfully submitted,

_____
Robert M. Morgan
Attorney for Plaintiff
D.C. Bar No. 254565
8010 Riverside Drive
Cabin John, MD 20818-1627


Peter J. Nickles
Interim Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

Kimberly M. Johnson (#435163)
Chief, General Litigation Section I


_____
Melvin W. Bolden, Jr. (#192179)
Assistant Attorney General
441 Fourth St., N.W. Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (FAX)

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER VANN SMITH,

    Plaintiff,

    v().                                         No. 1:06-cv-1671 (PLF)

CLIFFORD B. JANEY, et al.,

    Defendants.

**SCHEDULING ORDER**

Having received the parties' Second Report Pursuant to Local Civil Rule 16.3(d), it is this

_____ day of April that the Court enters the following order:

1. The parties will make initial disclosures pursuant to Rule 26(a)(1) by May 23, 2008.

2. The parties will conclude discovery by October 20, 2008.

3. Each party will be limited to seven depositions (provided that a Rule 30(b)(6) deposition of more than one person designated by Defendants shall be deemed a single deposition), 25 interrogatories, 40 document requests, and 25 requests for admissions.

4. If experts are named, the proponents' experts shall be identified by July 1, 2008; opposing experts shall be identified by September 1, 2008.

5. Motions for summary judgment shall be due by December 18, 2008; oppositions by January 19, 2009; and replies, if any, by February 9, 2009.

6. A status hearing shall be held on _____ ___, 2008.

                                                                    _____
                                                                    PAUL L. FRIEDMAN
                                                                    United States District Judge